Filed 12/14/13  P. v. Ochoa CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LIBORIO OCHOA,<br><br>    Defendant and Appellant. | B249170<br><br>(Los Angeles County<br>Super. Ct. No. BA097996) |

        APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

Liborio Ochoa appeals from an order denying his motion to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36. (Pen. Code, § 1170.126). His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) On September 6, 2013, we directed counsel to send the record and a copy of counsel's brief to appellant and notified appellant of his right to respond within 30 days. No response has been received.

In 1995, appellant was convicted of possession and transportation of cocaine for sale (Health & Saf. Code, §§ 11351, 11352, subd. (a)), conspiracy to possess and transport cocaine for sale (Pen. Code, § 182, subd. (a)(1)), and false compartment activity (Health & Saf. Code, § 11366.8, subd. (a)). Enhancement allegations that appellant was personally armed with a firearm, and that a principal was armed with a firearm, were found to be true, and so were allegations that more than one kilogram of cocaine was involved. (Pen. Code, § 12022, subd. (a)(1) & (c); Health & Saf. Code, § 11370.4, subd. (a)(1).) Two alleged prior serious felony convictions also were found to be true. (Pen. Code, § 667, subds. (b)-(i).)

Appellant was sentenced under the Three Strikes law to an indeterminate term of 25 years to life, plus seven years for the firearm and drug weight enhancements. Additional sentence terms were stayed. Appellant's sentence was reviewed in a prior appeal. (*People v. Ochoa* (1996) 49 Cal.App.4th 697, review granted Jan. 15, 1997, S056787, review dism. Oct. 1, 1997.)

On April 9, 2013, appellant filed a petition for a recall of sentence under Penal Code section 1170.126. The trial court denied it because the firearm enhancement made appellant ineligible for resentencing.

Penal Code section 1170.126 allows inmates serving an indeterminate life sentence imposed upon conviction of a felony or felonies not defined as serious or violent for purposes of the Three Strikes law to file a petition for a recall of sentence and request resentencing. (See § 1170.126, subd. (b).) One of the eligibility conditions for resentencing is that the inmate's current sentence was not imposed for any of the offenses listed in Penal Code section 667, subdivision (e)(2)(C)(i)-(iii). (Pen.Code, § 1170.126,

2

subd. (e)(2).)  Appellant's current sentence was imposed for a controlled substance offense enhanced under Health & Safety Code section 11370.4, which makes him ineligible for resentencing under Penal Code section 667, subdivision (e)(2)(C)(i).  He also is ineligible under Penal Code section 667, subdivision (e)(2)(C)(iii), due to the firearm enhancement.

Our review of the record reveals no arguable issues for appeal.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, J.

We concur:

WILLHITE, J.

MANELLA, J.

3